# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

FREDERICK BANKS,

    Plaintiff,

v.

TIMOTHY PIVNICHNY; DIRECTOR JAMES COMEY; BARACK OBAMA; PAUL HULL; MARY BETH BUCHANAN; BRENDAN T. CONWAY; NORA BARRY FISCHER; NORA BARRY FISCHER; CIA OFFICE OF SCIENCE AND TECHNOLOGY; THOMAS HARDIMAN; CYNTHIA REED EDDY; MITT ROMNEY; HILLARY RODHAM CLINTON; RALPH SHRADER; BOOZ ALLEN HAMILTON; JOY FLOWERS CONTI; CHARMAINE ODOM; BEN ORRISON; DR. RONALD NEEPER; DR. WEINSTEIN; DR. ANNE CUCCIO; CHARLES SAMUELS; DAVID ANDERCHAK; UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA; UNITED STATES PROBATION OFFICE (WDPA); ADMINISTRATIVE OFFICE OF THE U.S. COURTS; UNITED STATES SENATE; UNITED STATES CONGRESS; SENATOR RICHARD BURR; TORSTEN OVE; PITTSBURGH POST GAZETTE; THE HONORABLE ANNE C. CONWAY; THE HONORABLE ELIZABETH A. KOVACHEVICH; THE HONORABLE STEVEN D. MERRYDAY; THE HONORABLE JAMES D. WHITTEMORE; THE HONORABLE JOHN E. STEELE; THE HONORABLE TIMOTHY J. CORRIGAN; THE HONORABLE VIRGINIA COVINGTON; THE HONORABLE MARCIA MORALES HOWARD; THE HONORABLE CHARLENE E. HONEYWELL; THE HONORABLE MARY S. SCRIVEN; THE HONORABLE ROY B. DALTON, JR.; THE

CIVIL ACTION NO.: 2:15-cv-67

| | |
|---|---|
| HONORABLE SHERI POLSTER CHAPPELL; THE HONORABLE BRIAN J. DAVIS; THE HONORABLE PAUL G. BYRON; THE HONORABLE CARLOS E. MENDOZA; THE HONORABLE GEORGE C. YOUNG; THE HONORABLE WM. TERRELL HODGES; THE HONORABLE HOWELL W. MELTON; THE HONORABLE WILLIAM J. CASTAGNA; THE HONORABLE G. KENDALL SHARP ;THE HONORABLE HARVEY E. SCHLESINGER; THE HONORABLE SUSAN C. BUCKLEW; THE HONORABLE PATRICIA C. FAWSETT; THE HONORABLE HENRY LEE ADAMS, JR.; THE HONORABLE RICHARD A. LAZZARA; THE HONORABLE GREGORY A. PRESNELL; THE HONORABLE JOHN ANTOON, II; THE HONORABLE MARK A. PIZZO; THE HONORABLE JAMES S. MOODY, JR.; THE HONORABLE THOMAS G. WILSON; THE HONORABLE ELIZABETH A. JENKINS; THE HONORABLE DAVID A. BAKER; THE HONORABLE THOMAS B. MCCOUN; THE HONORABLE KARLA R. SPAULDING; THE HONORABLE DOUGLAS N. FRAZIER; THE HONORABLE MONTE C. RICHA; THE HONORABLE JAMES R. KLINDT; THE HONORABLE GREGORY J. KELLY; THE HONORABLE ANTHONY E. PORCELLI; THE HONORABLE JOEL B. TOOMEY; THE HONORABLE THOMAS B. SMITH; THE HONORABLE PHILIP R. LAMMENS; THE HONORABLE PATRICIA D. BARKSDALE; THE HONORABLE CAROL MIRANDO; FEDERAL BUREAU OF INVESTIGATION; CENTRAL INTELLIGENCE AGENCY; and CIA DIRECTOR JIM BRENNAN, | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * |
| Defendants. | * |

## ORDER

Plaintiff, proceeding pro se, has submitted a Complaint and Application to Proceed in Forma Pauperis. Dkt. Nos. 1, 2. For

the reasons set forth below, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and his Application to Proceed in Forma Pauperis is **DENIED AS MOOT**.

## BACKGROUND

Plaintiff filed this action on June 8, 2015, against approximately seventy-eight (78) Defendants. Among other things, Plaintiff alleges that "agents of the [Central Intelligence Agency] started bombarding [Plaintiff] with a wireless signal to electronically harass [Plaintiff] at the request of the [Federal Bureau of Investigation.]" Dkt. No. 1, p. 3. This is not the first time Plaintiff has filed a lawsuit levying these allegations. A cursory review of the dockets of the District Courts across the United States reveals that Plaintiff has filed essentially the same claims in many courts on many occasions. See,e.g., Banks v. Central Intelligence Agency, et al., Case No. 1:13-cv-2664, Dkt. No.. 3 (M.D. Pa. Dec. 5, 2013) (finding that complaint was virtually identical to complaint that had already been dismissed and observing that Plaintiff "is now engaging in Einstein's folly, doing the same thing over again and expecting a different result.")

In his Complaint filed in this Court, Plaintiff has not set forth any reason why venue would be proper in this District. Plaintiff has not named any Defendant who resides in the Southern District of Georgia, nor does he detail events that

occurred within the Southern District of Georgia. In fact, Plaintiff alleges that the events giving rise to his claims occurred within the Western District of Pennsylvania. Moreover, Plaintiff resides in the Western District of Pennsylvania, and many of the named Defendants reside in that District as well.

**DISCUSSION**

In order to proceed with an action in this Court, venue must be proper in this District. To assess venue, the Court first looks to the general venue provisions of 28 U.S.C. § 1391(b). Pursuant to that statute, a civil action may be filed "in any district in which a defendant resides if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). This provision cannot establish venue in the case at hand, because it does not appear that any of the many Defendants that Plaintiff has named are residents of the Southern District of Georgia, and it is clear that not all Defendants are residents of the State of Georgia. The venue statute goes on to state that a civil action may also be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Plaintiff does not allege that any of the events underlying his claims occurred in the Southern District of Georgia. Rather, he alleges that a substantial portion of the events occurred in the Western District of Pennsylvania.

Because Plaintiff also names several employees and agencies of the United States of America as Defendants, the Court must also assess venue under 28 U.S.C. § 1391(e). Under that provision, an action against officers, employees, and agencies of the United States may be brought in a district in which the defendant resides, in a district where a substantial part of the events giving rise to the claim occurred, or where the plaintiff resides. 28 U.S.C. § 1391(e)(1). Plaintiff cannot establish venue under either of these options, because none of the officers or employees named as Defendants reside in this District, none of the events underlying Plaintiff's claims occurred in this District, and Plaintiff does not reside in this District.

Having determined that venue for this action is not proper in this District, the Court must assess whether dismissal or transfer is appropriate. When a plaintiff files an action in the "wrong venue," the Court must dismiss the case unless the "interest of justice" would be served by transferring the action to a court where the case could have been brought or to dismiss the action. 28 U.S.C. § 1406(a).

While the Court recognizes that Plaintiff's Complaint could have been filed in the Western District of Pennsylvania, it would not be in the interest of justice to transfer this case to that District. Plaintiff has already litigated a voluminous

amount of cases in the Western District of Pennsylvania, often against the same Defendants he names in this action. See, e.g., Banks v. United States of America, et al., Case No. 2:13-cv-1615 (W.D. Pa.). Indeed, in Banks v. Pivnichny, et al., 2:15-cv-700, Dkt. No. 1, (W.D. Pa. May 29, 2015), Plaintiff filed the exact same Complaint he filed in this action in the Western District of Pennsylvania.[1] It would only frustrate the interest of justice to stack yet another case onto the considerable pile of cases Plaintiff already has pending in the Western District of Pennsylvania. Therefore, the prudent remedy for improper venue in this case is dismissal, without prejudice, rather than transfer. Brownsberger v. Nextera Energy, Inc., 436 F. App'x 953 (11th Cir. 2011) (finding no abuse of discretion in district court's determination to dismiss plaintiffs' claims, without prejudice, against remaining defendants rather than transferring the case under Section 1406(a)).

---

[1] In that action, United States Magistrate Judge Lisa Pupo Lenihan has recommended that Plaintiff be denied leave to proceed in forma pauperis. Banks v. Pivnichny, et al., 2:15-cv-700, Dkt. 2, (W.D. Pa. June 2, 2015). As Plaintiff filed his complaint in the Western District of Pennsylvania before filing this action, the "first-filed rule" provides another ground for dismissal of this action. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule.").

## CONCLUSION

For the above-stated reasons, this action is **DISMISSED WITHOUT PREJUDICE,** and Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED AS MOOT.** The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this _30_ day of _June_, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA